# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

FRANK H. PRICE,                )
                               )
Plaintiff,                     )
                               )
    vs.                        )    CAUSE NO. 3:12-CV-857
                               )
KEVIN KRAMBS, *et al.*,        )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court sua sponte pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court will **GRANT** the Plaintiff leave to proceed against Defendant M. Lightfoot for damages in her individual capacity on his Eighth Amendment claim that she was deliberately indifferent to a serious medical need, and will **DISMISS** all other claims and Defendants pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff Frank Price ("Price") is a prisoner confined at the Indiana State Prison who alleges that officials at the Westville Correctional Facility ("WCF") violated the Eighth Amendment's prohibition against cruel and unusual punishments by denying him medical care while he was housed at the WCF. The Defendants are WCF Medical Director Kevin Krambs, Nurses M. Lightfoot and T. West, and Health Services Administrator D. Boyan.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

In the context of pro se litigation, the Supreme Court has stated that "[s]pecific facts are not necessary" to meet the

2

requirements of Rule 8(a). The Court has further noted that a "document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Price alleges that in mid 2012 he was having stomach problems, and that on June 19, 2012, he saw Dr. Krambs who had a blood test performed, prescribed fibercon pills and stool softeners, and set him for a six week followup (DE 1 at 5). Price continued to have problems and on July 15, 2012, Nurse Lightfoot told him he tested positive for blood in his stool (*Id.*). On August 6, 2012, Price had a bowel movement and in addition to feces, he passed a rubbery, brownish substance about three inches long (*Id.*). He showed the item to Nurse West, who told him to "put in a health care request" (DE 1 at 6). On August 7, 2012, Price passed another rubbery brownish object, which he showed to Nurse Lightfoot when she came

to his cell (*Id.*). Nurse Lightfoot commented that "it is better out than in," gave him a specimen cup for the objects, and told him she would take the specimens and "if they look at it they do, if they don't, they don't" (*Id.*). Price suggested that "so basically you are telling me you are not gonna turn it in" (DE 1 at 8). Nurse Lightfoot suggested, in response, that "they don't care!" (*Id.*), and when Price responded "'it seems you don't care either,' Lightfoot walked away[,] leaving the sample." (*Id.*).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment

purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Giving Price the benefit of the inferences to which he is entitled, the Court cannot say that he did not have a serious medical need when he started passing rubbery objects in his stool, and it cannot say that Nurse Lightfoot was not deliberately indifferent when she would not do anything to assist him after he reported the problem to her. These facts state a plausible Eighth Amendment claim

against Nurse Lightfoot.

Price's complaint does not, however, state a claim against any of the other defendants. Dr. Krambs examined and treated Price for his problems, and there is no suggestion in the complaint or its attachments that Dr. Krambs showed any deliberate indifference to his medical needs. When Price showed one of the rubbery objects to Nurse West, she told him to put in a health care request, which does not suggest that she was deliberately indifferent to his medical needs. And Defendant Boyan, the Health Service Administrator, is not even mentioned in the body of the complaint. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant M. Lightfoot for damages in her individual capacity on his Eighth Amendment claim that she was deliberately indifferent to a serious medical need;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims, and **DISMISSES** Defendants Kevin Krambs, M.D., T. West, and D. Boyan;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Lightfoot respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on Defendant Lightfoot on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on her along with the summons and complaint.

**DATED: February 25, 2013**  /S/RUDY LOZANO, Judge
**United States District Court**